UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EUDAYA JOHNSON,

    Plaintiff,

v.                                  Case No. 8:25-cv-00177-VMC-TGW

AUTOMOTIVE FLEET ENTERPRISES
INCORPORATED,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Automotive Fleet Enterprises, Inc.'s ("AFE") Motion to Dismiss Amended Complaint (Doc. # 29), filed on March 26, 2025. Plaintiff Eudaya Johnson responded to AFE's Motion on April 1, 2025 (Doc. # 33), and, with leave of Court, AFE filed a reply on April 8, 2025. (Doc. # 41). For the reasons that follow, the Motion is denied.

**I.**    **Background**

On January 22, 2025, Ms. Johnson initiated this action. (Doc. # 1). An amended complaint, filed on March 21, 2025, is the operative complaint. (Doc. # 24). In it, Ms. Johnson asserts the following six counts against AFE: pregnancy discrimination under Title VII of the Civil Rights Act (Count

1

I); retaliation under Title VII (Count II); failure to accommodate and adverse action under the Pregnant Workers Fairness Act ("PWFA") (Count III); pregnancy discrimination under the Florida Civil Rights Act ("FCRA") (Count IV); retaliation under the FCRA (Count V); and retaliation under Florida's Private Whistleblower's Act ("FWA") (Count VI). (Doc. # 24 at ¶¶ 28-59). The following allegations are taken from the amended complaint.

Ms. Johnson "began her employment as an auto detailer" on or about April 4, 2023, and "was the only female employee in her workplace." (Id. at ¶ 12). During her employment, Ms. Johnson learned she was pregnant. (Id. at ¶ 13).

On or around May 1, 2024, Dennis, Driving Manager, told Ms. Johnson, "I know you are a hard worker, but you're not going fast enough." (Id. at ¶ 14). "Dennis was one of [Ms. Johnson's] direct supervisors." (Id. at ¶ 18). Ms. Johnson "informed Dennis that she was pregnant," and then "requested reasonable accommodations from Dennis which included a few more breaks, for water and to use the restroom, as she was sick and throwing up due to her pregnancy." (Id. at ¶¶ 15-16). "Dennis yelled at [Ms. Johnson] and said her pregnancy was no excuse and that she needed to be out there working as

hard if not harder than everyone else." (Id. at ¶ 17). "Dennis denied [Ms. Johnson's] reasonable accommodations." (Id.).

Next, Ms. Johnson spoke with Tommy, the Store Manager, "and told him she felt like she was being harassed because she is pregnant." (Id. at ¶ 19). She "informed Tommy she needed reasonable accommodations for additional water and restroom breaks as she was pregnant," and "Tommy told her to 'take it easier' at work but failed to provide an accommodation." (Id.).

On May 3, 2024, "Dennis continued to make negative comments about [Ms. Johnson] taking more breaks than the other employees." (Id. at ¶ 20). "Dennis informed [her] that she should not be allowed any more breaks than any other employee" and "denied [Ms. Johnson's] reasonable accommodations for more water and restroom breaks." (Id.).

"Toward the end of the day [Ms. Johnson] asked Tommy about taking a week's vacation as she wanted to take time off to care for herself during her pregnancy." (Id. at ¶ 21). "[E]mployees of one year or longer were entitled to a paid one-week vacation." (Id.). "Tommy approved the vacation and [Ms. Johnson] was to return to work on May 13th. [Ms. Johnson] returned to work on May 13th and worked a full day. At the end of the day Tommy calls [Ms. Johnson] into the office and

3

tells her he needs to lay her off for taking an extended period of time off of work." (Id. at ¶¶ 22-24). According to Ms. Johnson, "[n]on-pregnant employees who took a similar vacation were not terminated" and her "termination was pretextual and in retaliation for requesting accommodations and complaining about pregnancy-related discrimination as nonpregnant employees who took comparable time off were not terminated." (Id. at ¶¶ 26-27).

"On May 31, 2024, [Ms. Johnson] timely filed a Charge of Discrimination with the Equal Opportunity Employment Commission ('EEOC') and the Florida Commission on Human Relations ('FCHR')." (Id. at ¶ 5).

Now, AFE moves to dismiss the amended complaint. (Doc. # 29). Ms. Johnson has responded (Doc. # 33), and AFE has replied. (Doc. # 41). The Motion is ripe for review.

## II. **Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the

4

complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III. Analysis

According to AFE, Ms. Johnson's amended complaint asserts new factual allegations that do not grow out of her EEOC charge. (Doc. # 29 at 1-11). AFE thus argues that Ms. Johnson has not "exhausted administrative remedies as to [her] requests for accommodations, denial of accommodations, retaliation, or discrimination based on comparator employees." (Id. at 10). Because the new factual allegations

5

are incorporated by reference into each of the counts, AFE contends that all counts must be dismissed for failure to state a claim. (Id. at 3, 15-24).

As a preliminary matter, at this stage, the Court will consider Ms. Johnson's EEOC charge attached to AFE's Motion. See Chestnut v. Ethan Allen Retail, Inc., 971 F. Supp. 2d 1223, 1228 (N.D. Ga. 2013) ("[T]he EEOC charge is a document that courts routinely consider when ruling on motions to dismiss, even if it is not attached to a pleading."). Importantly, in her response, Ms. Johnson does not dispute AFE's inclusion or the Court's consideration of her EEOC charge. (Doc. # 33). Moving now to the merits, the Court addresses each of AFE's arguments in turn.

### 1. Failure to Exhaust Administrative Remedies

"In light of the purpose of the EEOC exhaustion requirement, [the Eleventh Circuit has] held that a 'plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" Gregory v. Georgia Dep't of Hum. Res., 355 F.3d 1277, 1280 (11th Cir. 2004) (quoting Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970)). Claims that "amplify, clarify, or more clearly focus earlier [EEOC] complaints are appropriate." Wu

v. Thomas, 863 F.2d 1543, 1547 (11th Cir. 1989). Indeed, "[a]s long as allegations in the judicial complaint and proof are 'reasonably related' to charges in the administrative filing and 'no material differences' between them exist, the [C]ourt will entertain them." Id. (quoting Ray v. Freeman, 626 F.2d 439, 443 (5th Cir. 1980)).

A review of Ms. Johnson's EEOC charge shows that she alleged she was discriminated against based on her pregnancy, asked for accommodations, was yelled at by Dennis, reported pregnancy-related harassment to her manager Tommy, and was terminated by Tommy shortly after returning from approved leave for taking extended time off. (Doc. # 29-1). Ms. Johnson also indicated a failure to accommodate in the discrimination section of the form. (Id.). The timeframe of the alleged unlawful acts — May 1 through May 13, 2025 — is consistent across both the EEOC charge and the amended complaint, as are the named individuals, Dennis and Tommy. Any new factual allegations related to those individuals during that time would have been reasonably investigated based on the charge.

Accordingly, the Court finds that the facts alleged in the amended complaint "grow out of" Ms. Johnson's EEOC charge. Gregory, 355 F.3d at 1280. The new factual details — such as, Dennis's supervisory role and examples of her requests for

7

accommodations being denied — relate to and merely "amplify, clarify, or more clearly focus" the earlier allegations in her EEOC charge. See Wu, 863 F.2d at 1547 ("We think that the allegations contained in Ms. Wu's complaint in the instant case are reasonably related to this charge, serving only to amplify the claim of retaliation with additional instances of wrongful retaliatory conduct on the part of university officials.").

AFE separately argues that Ms. Johnson is barred from asserting a retaliation claim because, although she was assisted by counsel, she did not check the retaliation box on her EEOC charge. (Doc. # 29 at 11-14). AFE relies on Gregory to support this argument. However, in Gregory, the Eleventh Circuit held that failure to check the retaliation box in an EEOC charge is not necessarily fatal. 355 F.3d at 1280-81. True, the Court there noted that the plaintiff prepared her EEOC charge without the assistance of counsel. Id. at 1280. But the Court's reasoning was also grounded in the "liberal EEOC charge strictures of Sanchez," emphasizing that courts are "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]." Id. The Court finds that, under these specific circumstances, Ms. Johnson's

failure to check the retaliation box is not dispositive and will not permit this technicality to bar her claim.

Rather, the "proper inquiry . . . is whether [the] complaint was like or related to, or grew out of, the allegations contained in her EEOC charge." Id. Ms. Johnson's EEOC charge asserts that she complained about being harassed for being pregnant, took a seemingly run-of-the-mill week of paid time off, and was promptly terminated upon her return for taking an extended period off from work. (Doc. # 29-1). An EEOC investigator could have reasonably understood that her termination may have been retaliatory based on these facts, particularly due to the proximity – less than two weeks – between her complaint and subsequent termination. See Gregory, 355 F.3d at 1280 ("That is, she stated facts from which a reasonable EEOC investigator could have concluded that what she had complained about is retaliation because of her complaints of Dr. Fuller's disparate treatment to the hospital's administration. Specifically, shortly after being subjected to certain allegedly discriminatory acts, she was terminated.").

Therefore, the Court determines that all the claims in Ms. Johnson's amended complaint have been administratively exhausted.

### 2. Failure to State a Claim as to Counts I through V

AFE contends that Ms. Johnson failed to include sufficient facts in her EEOC charge to now allege these claims in the amended complaint.

However, at the motion to dismiss stage, the relevant inquiry is whether the amended complaint — not the EEOC charge — alleges facts sufficient to state a claim. See, e.g., Poague v. Huntsville Wholesale Furniture, 369 F. Supp. 3d 1180, 1195 (N.D. Ala. 2019) ("Upon review, the amended complaint contains factual allegations concerning how and when all of the Plaintiffs did in fact complain or engage in what could be considered statutorily protected activity, which includes filing an EEOC charge."). The Court has already determined that the facts alleged in the amended complaint are properly pled based on the underlying EEOC charge and the exhaustion requirement. Notably, AFE does not argue that the factual allegations in the amended complaint are insufficient to state a claim. Accordingly, finding no need to address it further, the Court rejects AFE's argument.

### 3. Failure to State a Claim as to Count VI

Under the FWA, "[a]n employer may not take any retaliatory personnel action against any employee because the employee has . . . [o]bjected to or refused to participate

10

in, any activity, policy, or practice of the employer which is a violation of a law, rule, or regulation." Fla. Stat. § 448.102(3). "To state a claim under the FWA, a plaintiff must prove that (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) the adverse employment action was causally linked to the statutorily protected activity." David v. BayCare Health Sys., Inc., No. 8:19-cv-2136-TPB-JSS, 2019 WL 6842085, at *2 (M.D. Fla. Dec. 16, 2019).

Importantly, "Florida courts disagree on the scope of statutory protections under the FWA." Id. "Florida's Fourth District Court of Appeal states that an employee engages in statutorily protected activity so long as she had a good faith, objectively reasonable basis to believe that she objected to '(i) an illegal activity, policy, or practice of an employer, (ii) illegal activity of anyone acting within the legitimate scope of their employment, or (iii) illegal activity of an employee that has been ratified by the employer.'" Id. (quoting Aery v. Wallace Lincoln-Mercury LLC, 118 So. 3d 904, 916 (Fla. 4th DCA 2013)). "Conversely, the Second District Court of Appeal limits the FWA's protections to employees who object to actual violations of a law, rule,

11

or regulation." Id. (citing Kearns v. Farmer Acquisition Co., 157 So. 3d 458, 468 (Fla. 2d DCA 2015)).

Here, AFE asks the Court to adopt the actual violation standard applied in Kearns. (Doc. # 29 at 22). The Court declines to decide whether to apply the Kearns or Aery standard at the motion to dismiss stage, given the unsettled nature of Florida law on this subject. Regardless of which standard applies, the analysis of AFE's conduct as an actual or arguable violation of Title VII, the FCRA, or the PWFA is fact-intensive and better left to the summary judgment stage.

Instead, at this stage, the Court will consider only whether Ms. Johnson has plausibly pled the elements of a claim for whistleblower retaliation. The amended complaint states:

> Specifically, [Ms. Johnson] objected to and refused to participate in violations of state and federal law. [Ms. Johnson] objected to discrimination by her manager Dennis who discriminated against Plaintiff on the basis of her sex and pregnancy status in violation of the FCRA, Title VII and the PWFA. Second, [Ms. Johnson] objected to [AFE] denying reasonable pregnancy accommodations in violation of the FCRA, Title VII and the PWFA. As a result of her engagement in protected activity, [Ms. Johnson] was terminated from her employment with [AFE].

(Doc. # 24 at 11). In support, the amended complaint alleges that Ms. Johnson complained to her manager Tommy about pregnancy discrimination, in violation of federal and state

12

law, and that she was pretextually terminated by that same manager less than two weeks later. (Id. at ¶¶ 19, 21-27). These allegations state a whistleblower retaliation claim. See Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007) (noting that to establish a prima facie case of retaliation under Title VII, "[t]he burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action"); Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 950 (11th Cir. 2000) ("Typically, FWA claims are analyzed in the same manner as Title VII retaliation claims.").

However, AFE correctly notes that Ms. Johnson has failed to state a claim in connection with a failure to accommodate. While the amended complaint alleges that Ms. Johnson was denied reasonable accommodations, it does not allege that she objected to or complained about those denials. That is, Ms. Johnson does not claim that she complained to Tommy about his or Dennis's denial of her accommodation requests.

Therefore, Count VI is dismissed to the extent it is predicated on Ms. Johnson's objection to AFE's failure to accommodate. Count VI survives, however, in connection with Ms. Johnson's complaint about pregnancy discrimination. Thus, the Motion is denied as to Count VI.

13

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Automotive Fleet Enterprises, Inc.'s Motion to Dismiss Amended Complaint (Doc. # 29) is **DENIED.** Answer to the amended complaint is due within 14 days of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 9th day of May, 2025.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE